DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Stanley I. Tillman, appeals from an order of the Huron County Court of Common pleas, denying his "motion for the correction of sentence."
 {¶ 2} The facts of this matter are more fully discussed in our prior considerations of appellant's case, State v. Tillman, 6th Dist. No. H-02-049, 2003-Ohio-4216; State v. Tillman, 6th Dist. No. H-02-004, 2004-Ohio-1967.
 {¶ 3} Appellant was originally charged with second degree felony robbery, but agreed to plead guilty to third degree felony robbery, with an agreed joint recommendation to the court that he receive the maximum penalty which may be imposed for a third degree felony: five years incarceration. He now contends, in three assignments of error, that the imposition of the maximum sentence upon him violated his Sixth Amendment rights, as articulated in Blakely v. Washington (2004), 542 U.S. ___;124 S.Ct. 2531.
 {¶ 4} Pursuant of 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
 {¶ 5} This court has held that Blakely and its companion cases do not apply to Ohio's sentencing scheme. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Moreover, even if Blakely was applicable, it would not apply to appellant, who waived objection to his sentence when he approved the joint sentencing recommendation. See,Blakely, 542 U.S. at ___; 124 S.Ct. at 2541.
 {¶ 6} Accordingly, all of appellant's assignments of error are found not well-taken.
 {¶ 7} The judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant, pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. Concur.