OPINION
{¶ 1} Defendant-appellant, Michael A. Fout, appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to concurrent prison terms of six years on his convictions for two counts of endangering children and two counts of illegal use of a minor in nudity-oriented material or performance.
 {¶ 2} On May 12, 2004, the Franklin County Grand Jury indicted appellant on two counts of endangering children, second-degree felonies, in violation of R.C. 2919.22; and two counts of illegal use of a minor in nudity-oriented material or performance, second-degree felonies, in violation of R.C. 2907.323. Appellant pled guilty to all four counts on August 4, 2004.
 {¶ 3} At the September 22, 2004 sentencing hearing, appellant's attorney indicated that appellant had no prior adult or juvenile criminal record. The trial court proceeded to impose concurrent six-year prison terms for appellant's offenses. The trial court then issued a September 23, 2004 judgment entry that noted, in part, that it sentenced appellant on guilty pleas to pandering obscenity involving a minor, in violation of R.C. 2907.321, rather than the two counts of illegal use of a minor in nudity-oriented material or performance to which appellant actually pled.
 {¶ 4} Appellant appeals, raising two assignments of error:
[1.] THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A SENTENCE EXCEEDING THE MINIMUM SENTENCE BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY APPELLANT.
[2.] THE TRIAL COURT ERRED IN ISSUING A JUDGMENT ENTRY WHICH REFLECTS GUILTY PLEAS TO CHARGES WHICH WERE NOT IN THE INDICTMENT AND TO WHICH APPELLANT DID NOT PLEAD.
 {¶ 5} Appellant's first assignment of error concerns his prison sentences. As noted above, the trial court imposed six-year concurrent prison terms on appellant's second-degree felonies. Each six-year prison sentence exceeds the minimum authorized two years for second-degree felonies. R.C. 2929.14(A). However, each sentence does not exceed the maximum authorized eight years for second-degree felonies. Id. In challenging his sentences, appellant contends that the trial court erred by imposing more than the minimum authorized prison sentences. We disagree.
 {¶ 6} Under Ohio's felony sentencing statutes, a trial court electing to impose a prison sentence must impose the minimum authorized prison sentence unless: (1) the defendant was serving a prison term at the time of the offense or had previously served a prison term; or (2) "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
 {¶ 7} Here, appellant does not argue that the trial court failed to make the requisite findings under R.C. 2929.14(B). Rather, appellant contends that his Sixth Amendment right to a jury trial prohibited the trial court from imposing more than the minimum authorized prison sentences without the jury finding, or appellant admitting to, the factors in R.C. 2929.14(B). In support, appellant relies on Blakely v.Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, and Apprendi v. NewJersey (2000), 530 U.S. 466. In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution andFourteenth Amendment due process guarantees. Apprendi at 476-478, 497. InBlakely, the United States Supreme Court defined "`statutory maximum' forApprendi purposes" as "the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant." (Emphasis sic.) Blakely at 2537.
 {¶ 8} Appellant's arguments are in accord with State v. Montgomery,159 Ohio App.3d 752, 2005-Ohio-1018. In Montgomery, the First District Court of Appeals held that, pursuant to Apprendi and Blakely, Ohio's felony sentencing statutes "are unconstitutional to the extent that the statutes allow a trial court to increase" a defendant's sentence above the minimum authorized sentence "in the absence of jury findings or admissions by the defendant." Id. at ¶ 14.
 {¶ 9} Nonetheless, we reject appellant's contentions based on our decision in State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. In Abdul-Mumin, we concluded that Apprendi and Blakely do not prohibit a trial court from imposing a non-minimum prison sentence under Ohio's felony sentencing statutes, even though the sentencing statutes do not require the jury to find or the defendant to admit to the applicable statutory factors that allow a trial court to impose a sentence above the authorized minimum. Id. at ¶ 29.
 {¶ 10} As the Twelfth District Court of Appeals stated, Ohio's felony sentencing statutes "`involve guidance for determining the impact of a sentence on public protection and proportionality — determinations that have always been made by a judge in deciding fairness and necessity of a sentence. Those are decisions that have never been consigned to juries and, thus, are not governed by the Sixth and Fourteenth Amendments to the United States Constitution[,]'" the constitutional principles underlyingBlakely and Apprendi. State v. Berry, 159 Ohio App.3d 476,2004-Ohio-6027, at ¶ 40, quoting Griffin Katz, Ohio Felony Sentencing Law (2004), 482, Section 2:22; see, also Abdul-Mumin at ¶ 32 (Klatt, J., concurring) (emphasizing that "it has always been the province of the judge, not the jury, to determine the impact of a sentence on public protection and proportionality").
 {¶ 11} Accordingly, we previously concluded that, under Ohio's felony sentencing statutes, "[a]s long as a court sentences a defendant to a prison term within the stated minimum and maximum terms permitted by law, * * * Blakely and Apprendi are not implicated." State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, at ¶ 38. Here, the trial court sentenced appellant within the standard sentencing ranges. Thus, in accordance with Abdul-Mumin and Sieng, we conclude that Blakely andApprendi did not preclude the trial court from imposing more than the minimum authorized prison sentences on appellant. As such, we overrule appellant's first assignment of error.
 {¶ 12} In his second assignment of error, appellant contends that the trial court erred by issuing a judgment entry that indicated, in part, that it sentenced appellant on guilty pleas to pandering obscenity involving a minor, in violation of R.C. 2907.321, rather than illegal use of a minor in nudity-oriented material or performance to which appellant actually pled. Plaintiff-appellee, the State of Ohio, concedes that this aspect of the judgment entry is erroneous, and we agree.
 {¶ 13} Both parties note that the trial court's judgment entry reflects a clerical error. Nonetheless, as the parties recognize, the error necessitates remedial action because a trial court ultimately speaks through its judgment entry. See State v. Berry (June 29, 1999), Franklin App. No. 97AP-964.
 {¶ 14} Crim.R. 36 provides that "[c]lerical mistakes in judgments * * * may be corrected by the court at any time." Thus, in State v. Brown,
Franklin App. No. 03AP-130, 2004-Ohio-2990, at ¶ 125-127, we remanded a case for the trial court to correct a clerical error in a judgment entry to reflect the correct statute to which the trial court convicted the defendant. Similarly, in State v. Silguero, Franklin App. No. 02AP-234, 2002-Ohio-6103, at ¶ 14, we remanded a case for the trial court to correct a clerical error in a judgment entry to reflect the offense for which the trial court convicted the defendant.
 {¶ 15} Accordingly, here, we sustain appellant's second assignment of error for the trial court to correct the clerical error in the judgment entry. In so concluding, we emphasize that our opinion does not affect appellant's sentences.
 {¶ 16} In summary, we overrule appellant's first assignment of error and sustain appellant's second assignment of error. In sustaining appellant's second assignment of error, we remand this cause for the trial court to correct the clerical error in its September 23, 2004 judgment entry to reflect the offenses to which appellant pled and received his sentences.
Judgment affirmed, in part, and cause remanded with instructions.
Brown, P.J., and Bryant, J., concur.