OPINION
{¶ 1} Defendant-appellant, German A. Sanchez, appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to a four-year term of imprisonment following his guilty plea to one count of possession of cocaine, a felony of the third degree. For the reasons that follow, we reverse and remand for a new sentencing hearing.
 {¶ 2} On March 1, 2004, the Franklin County Grand Jury indicted appellant on one count of possession of crack cocaine in an amount equal to or exceeding ten grams but less than 25 grams, in violation of R.C.2925.11, which is a felony of the second degree. On August 26, 2004, appellant pled guilty to the stipulated lesser included offense of possession of cocaine, a felony of the third degree. At the plea hearing, the prosecutor set forth the facts of the crime as follows.
 {¶ 3} On October 11, 2003, Franklin County Sheriff's deputies had been dispatched to an apartment on Lynwood Lane North, to investigate a complaint of narcotics trafficking in the area. As they approached the apartment, appellant opened the door. The deputies observed, in plain view, a plastic baggie hanging out of appellant's pants pocket. The baggie appeared to contain crack cocaine. Following seizure of the baggie, the deputies confirmed that it contained 141 individually wrapped off-white chunks that were later determined, through laboratory analysis, to be 14.14 grams of cocaine, a Schedule II controlled substance.
 {¶ 4} The trial court accepted appellant's plea of guilty and continued the case for a pre-sentence investigation. On October 22, 2004, the court held a sentencing hearing at which the court sentenced appellant to four years of imprisonment and recognized 143 days of jail time credit. After appellant and his attorney had departed from the courtroom, the trial judge put his findings on the record to support the non-minimum sentence he had imposed upon appellant, who has undisputedly never before served a prison term. The court found that the minimum sentence would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime.
 {¶ 5} Following journalization of the court's sentencing entry, appellant appealed to this court and asserts the following two assignments of error for our review:
ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in imposing a term greater than the minimum sentence for a person with no prior history of imprisonment based on facts not found by the jury or admitted by appellant. This omission violated Appellant's rights to a trial by jury and due process under the state and federal Constitutions.
ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in making the sentencing findings required by R.C. 2929.14 for a term greater than the minimum sentence for a person with no prior history of imprisonment, after the conclusion of the sentencing hearing and outside the presence of the defendant and his counsel.
 {¶ 6} In support of his first assignment of error, appellant argues that, based on the facts in the indictment and those supporting his guilty plea, the trial court erred in sentencing him to a non-minimum sentence. Appellant maintains that, pursuant to Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, rehearing denied (2004), 159 L.Ed.2d 851, 125 S.Ct. 21, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, the trial court could not itself make the factual findings upon which the court based the sentence of four years. He argues that, absent such findings being made by a jury or being admitted by appellant, the trial court was required to sentence him to no more than the statutory minimum of one year.
 {¶ 7} In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. A sentence that is greater than the statutory maximum and that is not based upon facts admitted by the defendant or found by a jury beyond a reasonable doubt, violates the defendant's right to a trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. Id. at 476. See, also, Jones v. United States (1999), 526 U.S. 227, 119 S.Ct. 1215,143 L.Ed.2d 311.
 {¶ 8} In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Blakely, supra at 2537. (Emphasis sic.)
 {¶ 9} We reject appellant's Blakely-based argument, just as we have done in a recent line of cases beginning with State v. Abdul-Mumin,
Franklin App. No. 04AP-485, 2005-Ohio-522. In that case, we held that:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12. See, also, State v. Sieng, 10th Dist. No. 04AP-556, 2005-Ohio-1003; State v. Cockroft, 10th Dist. No. 04AP-608, 2005-Ohio-748;State v. Smith, 10th Dist. No. 04AP-859, 2005-Ohio-2560; State v.Satterwhite, 10th Dist. No. 04AP-964, 2005-Ohio-2823, State v. Linville,
10th Dist. No. 04AP-917, 2005-Ohio-3150.
 {¶ 10} In the present case, appellant pled guilty to one count of possession of cocaine, a felony of the third degree. The guilty plea authorized a sentence of one to five years of imprisonment. R.C.2929.14(A)(3). Thus, pursuant to Blakely and Abdul-Mumin and its progeny, five years was the "statutory maximum" for Apprendi purposes in this case. The trial court imposed a sentence of four years, which is below the five-year "statutory maximum." Thus, appellant's sentence did not run afoul of Blakely and Apprendi, and did not violate his rights to a trial by jury or to due process of law. Accordingly, his first assignment of error is not well-taken and is overruled.
 {¶ 11} In his second assignment of error, appellant contends that the trial court erred to his prejudice when it placed its findings on the record at the sentencing hearing outside the presence of appellant and his counsel. The state concedes that this was error and requires reversal and a new sentencing hearing.
 {¶ 12} The Supreme Court of Ohio has held, "[p]ursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at paragraph two of the syllabus. In explaining its holding, the court noted that:
* * * our holding has a practical application as well. All interested parties are present at the hearing. Thus, an in-court explanation gives counsel the opportunity to correct obvious errors. Moreover, an in-court explanation encourages judges to decide how the statutory factors apply to the facts of the case. If these important findings and reasons were not given until the journal entry there is the danger that they might be viewed as after-the-fact justifications.
Id. at ¶ 22.
 {¶ 13} The foregoing makes it clear that when the trial court makes the findings that are statutorily required to support a nonminimum sentence, it is insufficient for the court to do so outside the presence of the defendant and his or her counsel. Placement of the findings on the record does not cure this deficiency. Accordingly, appellant's second assignment of error is sustained.
 {¶ 14} Appellant's first assignment of error is overruled and his second assignment of error is sustained. The judgment of sentence is vacated and this matter is reversed and remanded for a new sentencing hearing.
Judgment reversed and cause remanded.
Bryant and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.