OPINION
{¶ 1} Defendant-appellant, Sabrina Macon ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas sentencing her to serve, at the Ohio Department of Rehabilitation and Corrections, seven years on count one of the indictment, consecutive with 12 months on count 28, and ten months on counts two, three, four and six, all to be served concurrent with each other and concurrent to counts one and 28.
 {¶ 2} On June 27, 2001, appellant, and her co-defendant, Miss Baker, flew into Franklin County, Ohio from Florida. The pair obtained some stolen credit cards from various places, including offices located at Riverside Hospital and The Ohio State University campus area. These stolen credit cards were used at various stores and shopping malls in Franklin County to purchase a number of items, including notebook computers and video game systems. Appellant and Miss Baker returned to Florida with the property. On August 15, 2001, they returned to Franklin County, Ohio after obtaining some stolen credit cards from the Cincinnati, Ohio area. Again, the pair purchased several thousands of dollars worth of property from a number of stores. Security personnel at a Target store recognized the two women and informed the police. The license plate number of the car that the two women were in was traced to a Hertz car rental agency at the airport. Appellant and Miss Baker were apprehended at an airport hotel with the rental van that contained the stolen property and the stolen credit cards.
 {¶ 3} On March 3, 2003, appellant was indicted on 28 counts, including one count of engaging in a pattern of corrupt activity, 18 counts of receiving stolen property and nine counts of misuse of credit cards. On October 4, 2004, appellant pled guilty to one count of engaging in a pattern of corrupt activity, a second-degree felony, two counts of receiving stolen property, fifth-degree felonies, two counts of misuse of a credit card, fifth-degree felonies, and one count of receiving stolen property, a fourth-degree felony.
 {¶ 4} After a sentencing hearing on January 20, 2005, the trial court ordered appellant to serve seven years on count one of the indictment, consecutive with 12 months on count 28, and ten months on counts two, three, four and six, all to be served concurrent with each other and concurrent to counts one and 28. Appellant timely appealed.
 {¶ 5} On appeal, appellant raises the following two assignments of error:
Assignment of Error No. 1:
The trial court erred in imposing non-minimum, consecutive sentences on Appellant where the facts necessary to impose such sentences had neither been proven to a jury nor admitted by Appellant, thereby depriving Appellant of her right to a jury trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
Assignment of Error No. 2:
The trial court abused its discretion in imposing non-minimum, consecutive sentences on Appellant, as such sentences are contrary to law and are not supported by the record from the sentencing hearing.
 {¶ 6} In her first assignment of error, appellant argues that the trial court lacked the authority to sentence her to non-minimum consecutive sentences. In support of her position, appellant relies onApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and their progeny. InApprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, according to Apprendi, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by the defendant."Blakely at 413 (emphasis sic).
 {¶ 7} Appellant claims that pursuant to Blakely, she was entitled to a jury determination of those factual findings upon which the trial court based its sentence. However, appellant's argument fails for two reasons. One, we reject appellant's Blakely-based argument, just as we have rejected identical arguments in a recent line of cases beginning withState v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. In said case, we held:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12.
 {¶ 8} See, also, State v. Newcomb, Franklin App. No. 04AP-1223,2005-Ohio-4570; State v. Houston, Franklin App. No. 04AP-875,2005-Ohio-4249; State v. Imler, Franklin App. No. 04AP-1246,2005-Ohio-4241; State v. Sanchez, Franklin App. No. 04AP-1320,2005-Ohio-3783; State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151;State v. Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; Statev. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003.
 {¶ 9} Secondly, as argued by appellee, appellant had served a prior prison sentence. "Back in 1991 she was sentenced to three years in the Florida Department of Corrections. Then after that, within the same year, she picked up a five-year sentence." (Tr. at 28.) Blakely andApprendi both recognize that the fact of a prior conviction need not be submitted to a jury. Thus, appellant's Blakely arguments are actually a non-issue in this case. See State v. Trubee, Marion App. No. 9-03-65,2005-Ohio-552. Accordingly, we overrule appellant's first assignment of error.
 {¶ 10} In her second assignment of error, relying on R.C. 2953.08(G), appellant argues that the trial court abused its discretion by imposing non-minimum, consecutive terms of imprisonment, and, therefore, such sentences are contrary to Ohio law and are not supported by the record in this case.
 {¶ 11} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive prison terms for convictions of multiple offenses if it makes the following findings:
(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 12} In addition to making these findings, a trial court must also comply with R.C. 2929.19, which governs sentencing hearings. According to R.C. 2929.19(B)(2), when imposing consecutive sentences, a sentencing court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed." Pursuant to State v. Comer
(2003), 99 Ohio St.3d 463, "when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at 468.
 {¶ 13} At the sentencing hearing, after reviewing the facts, the court stated:
So, all of this draws me down to a couple of conclusions here. In this particular case the court does feel that consecutive sentences are necessary to protect the public from future crimes and to punish the defendant, and are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant possesses to the public.
Furthermore, the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the defendant.
Further, the court finds that the defendant possesses the greatest likelihood to the community of future crimes. And the defendant was not forthcoming or truthful during her arrest and subsequent to that time.
(Tr. at 31.)
 {¶ 14} In the three pages preceding the above-quoted language, the trial court did, in fact, support the rendering of consecutive sentences with factual findings. The court noted that appellant "has accumulated 14 known aliases, which is pretty much of a record high for this court." (Tr. at 28.) The court also noted the multiple prison sentences appellant had previously served, the "allegation of flight in an attempt to escape being a fugitive from Florida's Parole Commission, which does not bode well for any type of community control," the additional charges that appellant picked up in Ohio and Minnesota, and the denial of "any knowledge of any involvement in the crime" when arrested. (Tr. at 28-30.)
 {¶ 15} With respect to the trial court imposing more than a non-minimum sentence, contrary to appellant's arguments, the trial court is not required to give reasons for its findings at the sentencing hearing when imposing a non-minimum sentence. Comer, supra. The court inComer held that while R.C. 2929.14(B), requires a trial court, when imposing a non-minimum sentence on a first-time offender, to make its statutorily sanctioned findings on the record at the sentencing hearing, R.C. 2929.14(B) does not require that the court give its reasons for the findings. Comer at 469, fn.2, citing State v. Edmonson (1999),86 Ohio St.3d 324.
 {¶ 16} The transcript in this case reveals that the court made adequate findings with respect to the non-minimum sentences. Additionally, the court's judgment entry filed January 21, 2005, reflects that the court weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and 2929.14, and determined that a non-minimum sentence was not appropriate. Further, the transcript contains over three pages of the trial court's statements wherein the court discusses the various facts that were either not disputed by the defendant and/or were contained in the pre-sentence investigation that led the court to its conclusion on sentencing. In addition to noting appellant's 14 aliases, and criminal history, the court noted that prior "sentences involved forgery, as did a number of sentences that preceded and proceeded the events which occurred leading to [appellant's charges in this case]". (Tr. at 28.) The court also found that this was not merely two women that spontaneously decided to steal, but an organized effort on appellant's and her co-defendant's behalf.
 {¶ 17} Because the trial court made all the requisite findings and complied with the appropriate sentencing statutes, we cannot clearly and convincingly find that appellant's sentence was contrary to law or unsupported by the record. State v. Cockrell, Franklin App. No. 04AP-487, 2005-Ohio-2432. Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} For the foregoing reasons, appellant's two assignments of error are over-ruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and French, J., concur.