OPINION
{¶ 1} Defendant-appellant, Juan Molina-Almaguer, appeals from the sentence imposed for convictions of one count of aggravated vehicular homicide, a felony of the second degree, one count of aggravated vehicular homicide, a felony of the third degree, and one count of driving while under the influence of alcohol, a misdemeanor of the first degree, following a jury trial. For the following reasons, we affirm the judgment and sentence.
 {¶ 2} On February 21, 2004, at approximately 5:30 p.m., appellant was operating a jeep Cherokee traveling north on North Chesterfield Road in Franklin County, Ohio. Appellant's friend, Ernesto Torrez-Alvarez, was a passenger. At the intersection of North Chesterfield Road and Chesterfield Court, appellant lost control of his vehicle and collided with a tree on the side of the road. Both appellant and Mr. Torrez-Alvarez were transported to Grant Hospital. Mr. Torrez-Alvarez was pronounced dead on arrival. A blood sample taken from appellant shortly after the accident indicated a blood alcohol level of .221.
 {¶ 3} The Franklin County Grand Jury indicted appellant on one count of aggravated vehicular homicide, a felony of the second degree, one count of aggravated vehicular homicide, a felony of the third degree, and one count of driving while under the influence of alcohol, a misdemeanor of the first degree. The case proceeded to a jury trial.
 {¶ 4} At trial, an expert in forensic toxicology testified that the sensory motor skills and reaction times of a person with a blood alcohol level of .221 would be severely impaired. Appellant testified that he had approximately five beers prior to the accident. The jury found appellant guilty of all charges.
 {¶ 5} For purposes of sentencing, the trial court merged the two counts of aggravated vehicular homicide. The trial court imposed a three-year sentence on the second degree felony aggravated vehicular homicide count, and a 60-day sentence on the driving under the influence of alcohol count. The sentences ran concurrently. Additionally, the trial court imposed a lifetime motor vehicle driver's license suspension.
 {¶ 6} Appellant now appeals assigning the following error:
The trial court's decision to sentence Defendant-Appellant to a three year prison term for Aggravated Vehicular Homicide was contrary to law and violated his right to trial by jury, and his right to due process under U.S. Const. amend. V, VI and XIV and Ohio Const. art. I, §§ 5, 10 and 16 because it failed to submit the facts used to exceed the minimum two year sentence to a jury to determine if the State proved the facts beyond a reasonable doubt.
 {¶ 7} In his only assignment of error, appellant contends that the trial court erred by imposing non-minimum sentences where the facts necessary to support the sentences were not admitted by appellant or proven by a jury. Appellant relies principally upon Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531 in support of this argument. In Blakely, the Supreme Court held that, under the state of Washington's mandatory sentencing guidelines, the trial judge's imposition of an enhanced sentence more than three years above the 53-month statutory maximum of the standard range, based upon the court's finding that defendant acted with "deliberate cruelty," violated the defendant's constitutional right to a jury trial where facts essential to his sentence were "neither admitted by petitioner nor found by a jury." Id. at 2537.
 {¶ 8} This court, however, has previously rejected the application of Blakely to Ohio's sentencing scheme. This court has specifically held that Blakely does "not prohibit a trial court from imposing a non-minimum prison sentence under Ohio's felony sentencing statutes, even though the sentencing statutes do not require the jury to find, or the defendant to admit to, the applicable statutory factors that allow a trial court to impose a sentence above the authorized minimum." State v.Newcomb, Franklin App. No. 04AP1-223, 2005-Ohio-4570, at ¶ 32, citing State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. See, also, State v. Cockroft, Franklin App. No. 04AP-608, 2005-Ohio-748, at ¶ 16 (trial court's imposition of non-minimum, maximum and consecutive sentences based on facts supporting aggravated circumstances not found by jury or admitted by defendant not in contravention of Blakely); State v.Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; Statev. Baker, Franklin App. No. 05AP-177, 2005-Ohio-4680; State v.Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241. These cases all support the proposition that "under Ohio's felony sentencing statutes, as long as a court sentences a defendant to a prison term within the stated minimum and maximum terms permitted by law, Blakely is not implicated." State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151, at ¶ 11; State v. Sieng,
Franklin App. No. 04AP-556, 2005-Ohio-1003, at ¶ 38.
 {¶ 9} Based upon these authorities, Blakely did not preclude the trial court from imposing non-minimum sentences in the instant case. Therefore, appellant's single assignment of error is overruled.
 {¶ 10} In accordance with the foregoing, appellant's single assignment of error is overruled, and the judgment and sentence of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.