DECISION
{¶ 1} Defendant-appellant, Steven E. Dennison ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court sentenced appellant on his convictions for aggravated burglary and theft.
 {¶ 2} On November 29, 2003, appellant entered the home of the McDowell's. Appellant grabbed Mrs. McDowell by the collar of her shirt and pressed something hard and metallic against her neck. Mrs. McDowell thought it might have been a gun, but she did not see a gun. Appellant threatened that he would kill Mrs. McDowell unless he was given money. Mr. McDowell took out his wallet and started to give appellant money. Appellant took the entire wallet and left. The McDowell's recognized appellant as he had done some handyman work for them at a prior time. After calling the police and reporting the credit cards as stolen, appellant was found using one of the stolen credit cards to purchase tools and gift cards at a Sears store in the Westland area.
 {¶ 3} Appellant was indicted by the Franklin County Grand Jury on one count of aggravated burglary with firearm specifications, one count of kidnapping with firearm specifications, one count of aggravated robbery with firearm specifications, two counts of robbery with firearm specifications, and one count of having a weapon while under disability. Appellant pled guilty to a first-degree felony charge of aggravated burglary, and a fifth-degree felony charge of theft, in exchange for a dismissal of all remaining counts in the indictment, including all firearm specifications. Following the joint recommendation of the parties, the trial court imposed a six-year term of incarceration on the aggravated burglary conviction, and a six-month term of incarceration on the theft conviction, to run consecutively.
 {¶ 4} Appellant raised the following single assignment of error on appeal:
The trial court erred in imposing non-minimum, consecutive sentences on Appellant where the facts necessary to impose such sentences had neither been proven to a jury nor admitted by Appellant, thereby depriving Appellant of his right to a jury trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 5} Appellant argues that additional findings are required pursuant to R.C. 2929.14(B), in order to impose non-minimum sentences on an offender. Appellant also argues that pursuant to R.C. 2929.13(B)(1), additional findings are required to overcome the presumption in favor of community control for fifth-degree felonies, and that pursuant to R.C.2929.14(E)(4), additional findings are required in order to impose consecutive sentences on an offender.
 {¶ 6} However, pursuant to R.C. 2953.08(D):
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section.
 {¶ 7} The record in this case clearly indicates that the sentences were jointly recommended. During the hearing, the court stated:
There has been a joint recommendation in this matter. And unless I make some other findings and follow the joint recommendation, you would be ordered to go to prison for six years on the aggravated burglary charge and then an additional six months on the theft charge.
(Tr. at 6.)
 {¶ 8} Additionally, appellant indicated that he understood what the sentence would be if the judge followed the joint recommendation. Id. Under R.C. 2953.08(D), a sentence is "authorized by law" if it falls within the statutory range of available sentences. State v. Smoot,
Franklin App. No. 05AP-104, 2005-Ohio-5326, citing State v. Atchley,
Franklin App. No. 04AP-841, 2005-Ohio-1124; State v. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 9} Here, the statutory range for appellant's first degree aggravated burglary conviction is three to ten years of imprisonment. R.C. 2929.14(A). The statutory range for appellant's theft conviction is six to 12 months of imprisonment. Id. Thus, the sentence imposed by the trial court falls within the statutory range of available prison terms and is "authorized by law." Because the sentences are authorized by law, and because the trial court imposed said sentences upon the appellee's and appellant's joint recommendation, R.C. 2953.08(D) precludes our reviewing appellant's claim that the trial court failed to make statutory findings and explanations when imposing the sentences. See Smoot, supra, citing State v. Porterfield (2005), 106 Ohio St.3d 5 at 10;[1] Statev. Dingess, Franklin App. No. 02AP-150, 2002-Ohio-6450.
 {¶ 10} Also contained in appellant's assignment of error is his contention that the trial court erred in imposing non-minimum, consecutive sentences without a jury finding, or appellant admitting to, the requisite factors in Ohio's felony statute. In support of his position, appellant relies on Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and their progeny. In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, according to Apprendi, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant." Blakely at 413 (emphasis sic).
 {¶ 11} We reject appellant's Blakely-based argument, just as we have rejected identical arguments in a recent line of cases beginning withState v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. SeeState v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249; State v.Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241; State v. Sanchez,
Franklin App. No. 04AP-1320, 2005-Ohio-3783; State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151; State v. Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003.
 {¶ 12} Additionally, irrespective of R.C. 2953.08(D), appellant waived arguments under Apprendi and Blakely through the jointly recommended sentencing agreement. Smoot, supra at ¶ 10, citing State v. Tillman,
Huron App. No. H-04-040, 2005-Ohio-2347; State v. Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692; State v. Phillips, Logan App. No. 8-05-05, 2005-Ohio-4619; State v. Rockwell, Stark App. No. 2004CA00193, 2005-Ohio-5213. Accordingly, we overrule appellant's single assignment of error.
 {¶ 13} For the foregoing reasons, appellant's single assignment of error is over-ruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.
[1] At oral argument, appellant attempted to distinguish this case fromPorterfield on the basis that in Porterfield, the defendant stipulated to the sentence in his plea agreement. We do not find appellant's position persuasive. First, as indicated above, this court has already citedPorterfield for the proposition that R.C. 2953.08(D) precludes our review of a defendant's claim that the sentencing court failed to make statutory findings when imposing jointly recommended sentences even in the absence of a stipulation. Secondly, the central issue in Porterfield was R.C.2953.08(D) and its application to sentences imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code. The court did not focus on the fact that there was a stipulation, nor did the court suggest any such requirement. Rather, the court stated, "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." Id. at 10.