DECISION
{¶ 1} Defendant-appellant, Christopher M. Lariva, was indicted on one count of aggravated vehicular homicide, in violation of R.C.2903.06(A)(1)(a), a second-degree felony; one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2), a third-degree felony; two counts of aggravated vehicular assault, in violation of R.C.2903.08(A)(1)(a), third-degree felonies; two counts of vehicular assault, in violation of R.C. 2903.08(A)(2), fourth-degree felonies; and one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19, a first-degree misdemeanor.
 {¶ 2} Pursuant to a plea agreement, appellant pled guilty to the second-degree aggravated vehicular homicide count and to two third-degree aggravated vehicular assault counts. At the plea hearing, on November 1, 2004, the prosecutor provided the following facts:
This happened on the 20th of March of this year, a little bit before 5:00 o'clock in the morning, about quarter till five in the morning, out on High Street at Seventh right downtown.
Columbus police officers had somebody else stopped, and they noticed a gray Bonneville traveling at a high rate of speed by them. They started to follow him and eventually ran the red light — that is, Mr. Lariva ran the red light at Seventh, striking another car. Inside that car were three women on their way to work that morning.
The car was registered to a woman named Anab — A-N-A-B is the first name — Mohamed, M-O-H-A-M-E-D, and from talking to the families, they presumed she was driving. Also in the car was Khadra, K-H-A-D-R-A, Mohamed and Hodan Farah, H-O-D-A-N F-A-R-A-H. They were all Somali women on their way to work, 27 to 35 years old.
Mr. Lariva T-boned them. All three were injured. Anab Mohamed died very shortly thereafter on her way to the hospital. Khadra and Hodan suffered head trauma but survived.
When the police got there and saw this wreck happen, saw Mr. Lariva in the driver's seat of his car and they smelled alcohol, they got him out, did field sobriety tests which showed, if you review the tape, some impairment. He's not falling down drunk or anything like that, but based upon that as well as the wreck and their immediate contact with him, they felt that he was under the influence.
So, he was, at that point, arrested and charged with the offenses there in the indictment.
(Tr. at 9-10.)
 {¶ 3} The trial court accepted the guilty pleas and sentenced appellant to consecutive terms of seven years on the aggravated vehicular homicide count, three years on the aggravated vehicular assault count as to Khadra Mohamed, and four years on the aggravated vehicular assault count as to Hodan Farad, with the counts to run consecutive with each other.
 {¶ 4} Appellant filed a notice of appeal and raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR: The trial did not meet its obligation to state its reasoning in support of the findings required for imposition of consecutive sentences.
SECOND ASSIGNMENT OF ERROR: Imposition of more than minimum and consecutive sentences based on facts not found by a jury nor admitted by the defendant violated appellant's right to trial by jury as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 5} By the first assignment of error, appellant contends that the trial court did not meet its obligation to state its reasoning in support of the findings required for imposition of consecutive sentences. A trial court's sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C.2953.08(G)(2)(b). "Clear and convincing evidence is that evidence `which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Bay
(2001), 145 Ohio App.3d 402, 405, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477. To determine whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, relied on substantial evidence in the record supporting those findings, gave the reasons for its findings, and properly applied the statutory guidelines. State v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226. If the trial court failed to state the required findings, pursuant to R.C. 2929.14(E)(4), this court must remand the case for resentencing and instruct the trial court to state on the record the required findings. R.C. 2953.08(G)(1).
 {¶ 6} R.C. 2929.14(E)(4) provides:
(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 7} Thus, the trial court may impose consecutive sentences if it finds: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the statutory factors in R.C. 2929.14(E)(4)(a) through (c) applies.
 {¶ 8} R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for imposing consecutive prison terms. In Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Supreme Court of Ohio found that, when a trial court is imposing consecutive sentences, it is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. "Reasons are different from findings. Findings are the specific criteria enumerated in [R.C. 2929.14(E)(4)] which are necessary to justify [consecutive] sentences; reasons are the trial court's bases for its findings[.]" Statev. Anderson (2001), 146 Ohio App.3d 427, 437. The sentencing court must "clearly align each rationale with the specific finding to support its decision to impose consecutive sentences" in order for the appellate court to be able to conduct a meaningful review. Comer, at ¶ 21.
 {¶ 9} Appellant concedes that the trial court made the required R.C.2929.14(E)(4) findings, but contends that the trial court failed to give its reasons for imposing consecutive prison terms as required by R.C.2929.19(B)(2)(c).
 {¶ 10} The trial court stated as follows:
The Court would note for the record that it is imposing more than the minimum sentence on these cases. The Defendant has not previously served a period of incarceration. He was only 23 years old at the time of the offense, so I would certainly hope that he hadn't been incarcerated at that point. But, nonetheless, the Court believes that a minimum sentence, based upon the magnitude of injury and loss that occurred as a result of this matter, a minimum sentence would certainly demean the seriousness of the Defendant's conduct on this case.
The Court is going to impose the sentences consecutively to each other. I have done that after a great deal of consideration because I understand Counsel's position that this was one incident. However, clearly, there are three victims and their families that are going to be suffering a long time because of this incident, and the Court believes that that is necessary to punish the Defendant for each of the victims that he caused damage to and their families. It is not disproportionate to the nature of the conduct.
The Court also considers the fact that while he was on probation for a misdemeanor of the second degree, nonetheless, he was on probation to this Court at the time of the offense. He was required to undergo anger management counseling and to pay the court costs of the action, and at the time that this offense occurred, he was not doing what the Court had ordered him to do on probation. And the Court considers that as another factor.
The Court would also note that in this case, as reason for the consecutive sentence, the Court does believe that the facts of this matter demonstrate the injuries that were suffered by the two victims that survived, the fact that one victim did not survive, the harm was so great that a single term of imprisonment would not adequately reflect the seriousness of the conduct that is at issue here. So, the Court will order the sentences be served consecutively to each other.
(Tr. at 26-27.)
 {¶ 11} Although appellant conceded that the trial court complied with the statutory requirements for consecutive sentences, we have reviewed the record and conclude that the trial court failed to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," as R.C. 2929.14(E)(4) requires. (Emphasis added.) While the trial court did find that the sentences were not disproportionate to the seriousness of the offender's conduct, the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of the danger the offender poses to the public. In State v. Wolford, Franklin App. No. 02AP-552, 2002-Ohio-6964, this court found that the trial court has to make both findings relating to proportionality, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In State v.Thacker, Franklin App. No. 03AP-653, 2004-Ohio-3828, this court found the trial court is required to make both findings relating to proportionality, even though the trial court had made the finding that the consecutive sentences were necessary to protect the public just as the trial court in this case did. Thus, the trial court did not comply with R.C. 2929.14(E)(4) when it imposed consecutive sentences in this case. Because of this failure, we need not address whether the trial court stated sufficient reasons for imposing consecutive sentences as required by R.C. 2929.14(B)(2)(c). Appellant's first assignment of error is well-taken.
 {¶ 12} By the second assignment of error, appellant contends that imposition of more than minimum and consecutive sentences based on facts not found by a jury nor admitted by the defendant violated appellant's right to trial by jury as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution. Appellant's argument is based upon Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and this court has previously rejectedBlakely-based arguments. In State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522, this court stated, as follows:
Ohio's sentencing scheme does not encroach upon the traditional and constitutionally required role of the jury in finding those facts that fix the upper limit of a defendant's punishment for a particular offense. Rather, the upper limit, or in Blakely terms, the "statutory maximum" sentence to which one accused of a felony knows he will be exposed upon walking through the courtroom door, is established by statute. R.C. 2929.14(B) does not allow judge-made findings to enhance a defendant's punishment beyond the maximum sentence corresponding to the class of offense of which he is convicted or to which he pleads guilty. * * *
Id. at ¶ 12. See, also, State v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003; State v. Cockroft, Franklin App. No. 04AP-608, 2005-Ohio-748; State v. Smith, Franklin App. No. 04AP-859, 2005-Ohio-2560;State v. Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; Statev. Linville, Franklin App. No. 04AP-917, 2005-Ohio-3150; State v. Imler,
Franklin App. No. 04AP-1246, 2005-Ohio-4241; State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151; State v. Sanchez, Franklin App. No. 04AP-1320, 2005-Ohio-3783; State v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249; State v. Newcomb, Franklin App. No. 04AP-1223, 2005-Ohio-4570; State v. Baker, Franklin App. No. 05AP-177, 2005-Ohio-4680;State v. Macon, Franklin App. No. 05AP-155, 2005-Ohio-4929; State v.Henderson, Franklin App. No. 04AP-1212, 2005-Ohio-4970; State v. Cruse,
Franklin App. No. 05AP-125, 2005-Ohio-5095. Thus, appellant's second assignment of error is not well-taken.
 {¶ 13} For the foregoing reasons, appellant's first assignment of error is sustained and the second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for the limited purpose of resentencing in accordance with law and consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded forresentencing.
BRYANT and SADLER, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.