OPINION
{¶ 1} Defendant-appellant, Steven S. Brown, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to 20 years in prison following his guilty pleas to one count of involuntary manslaughter and one count of aggravated robbery. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On March 22, 2000, defendant was indicted on two counts of aggravated murder and one count of aggravated robbery. Each of the aggravated murder counts carried a death specification. Defendant was ultimately convicted as charged in the indictment. On appeal, this court reversed defendant's convictions. State v.Brown, Franklin App. No. 01AP-587, 2002-Ohio-2802.
 {¶ 3} On March 28, 2005, defendant, appearing pro se with the assistance of advisory counsel, pled guilty to one count of the stipulated lesser-included offense of involuntary manslaughter without specification and one count of aggravated robbery. Upon application of plaintiff-appellee, State of Ohio, and for good cause shown, the trial court ordered a nolle prosequi to the second aggravated murder count. Pursuant to a joint sentencing recommendation, the trial court imposed a prison sentence of ten years on each count, to be served consecutively. Defendant appeals the trial court's judgment, advancing a single assignment of error:
THE TRIAL COURT ERRED BY ENTERING JUDGMENT OF CONVICTION AND AN AGREED SENTENCE TO MAXIMUM CONSECUTIVE TERMS BASED UPON A GUILTY PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY.
 {¶ 4} Defendant contends his guilty pleas were not knowingly, voluntarily, and intelligently made because the trial court failed to comply with Crim.R. 11(C)(2)(c), which provides, in pertinent part, as follows:
(C) Pleas of guilty and no contest in felony cases
* * *
(2) In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and * * *
* * *
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 5} A trial court must strictly comply with the provisions of Crim.R. 11(C)(2)(c) which relates to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process of witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. State v. Colbert (1991),71 Ohio App.3d 734, 737; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. Although the trial court need not utilize the precise language set forth in Crim.R. 11(C)(2)(c), the trial court must inform the defendant of these critical constitutional rights in a manner reasonably intelligible to that defendant. State v. Ingram (Mar. 5, 2002), Franklin App. No. 01AP-854, citing Ballard, supra, paragraph two of the syllabus. A trial court's failure to strictly comply with the constitutional provisions of Crim.R. 11(C)(2)(c) is prejudicial error. Ingram, supra.
 {¶ 6} Defendant concedes the trial court properly advised him of the constitutional rights enumerated in Crim.R. 11(C)(2)(c), including the right to a jury determination of his guilt. Nonetheless, defendant contends the trial court violated Crim.R. 11(C)(2)(c) by failing to advise him of his Sixth Amendment right to a jury determination of the sentencing findings that can justify non-minimum, maximum and consecutive sentences. In so arguing, defendant invokes Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and their progeny.
 {¶ 7} In Apprendi, supra, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. A sentence that is greater than the statutory maximum and that is not based upon facts admitted by the defendant or found by a jury beyond a reasonable doubt, violates the defendant's right to a trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. Id. at 476. In Blakely, supra, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant." (Emphasis sic.) Blakely, at 303.
 {¶ 8} In a recent line of cases beginning with State v.Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522, this court has consistently rejected the Apprendi/Blakely-based arguments underlying defendant's guilty plea challenge. See, e.g., State v. Sieng, Franklin App. No. 04AP-556,2005-Ohio-1003; State v. Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823; State v. Fout, Franklin App. No. 04AP-1139, 2005-Ohio-3151; State v. Sanchez, Franklin App. No. 04AP-1320, 2005-Ohio-3783; State v. Imler, Franklin App. No. 04AP-1246, 2005-Ohio-4241; State v. Macon, Franklin App. No. 05AP-155, 2005-Ohio-4929; State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Smoot, Franklin App. No. 05AP-104, 2005-Ohio-5326; State v. Yander, Franklin App. No. 05AP-38, 2005-Ohio-5538; State v. Molina-Almaguer, Franklin App. No. 04AP-1295, 2005-Ohio-5798; State v. Dennison, Franklin App. No. 05AP-124, 2005-Ohio-5837; State v. Lariva, Franklin App. No. 05AP-5, 2005-Ohio-5928; State v. Gilmore, Franklin App. No. 05AP-309, 2005-Ohio-6472. Together, these cases hold that Apprendi and Blakely do not preclude a trial court from imposing a non-minimum or maximum prison sentence under Ohio's felony sentencing statutes and that consecutive sentences do not implicate Apprendi and Blakely. Because this court has determined that Apprendi and Blakely do not create a jury-trial right as to sentencing findings justifying non-minimum, maximum and consecutive sentences, the trial court could not have violated Crim.R. 11(C)(2)(c) by failing to advise defendant of such a right. Accordingly, defendant'sApprendi/Blakely challenge to his guilty pleas fails.
 {¶ 9} Moreover, even if Apprendi and Blakely might somehow apply to Ohio's sentencing scheme, the joint sentencing recommendation nullifies such application. Defendant'sApprendi/Blakely claim is premised upon the need for a jury to make certain statutorily required sentencing findings. However, given the joint sentencing recommendation, no findings were statutorily required to impose the 20-year aggregate sentence. See State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25-26. As there is no statutory requirement that findings be made, Apprendi and Blakely are inapplicable to defendant's 20-year aggregate sentence. State v. Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692, at ¶ 17 ("Blakely addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, Blakely does not apply for this very specific reason"). See, also, Smoot, supra, at ¶ 10, citingState v. Tillman, Huron App. No. H-04-040, 2005-Ohio-2347, at ¶ 5; Dennison, supra, at ¶ 12.
 {¶ 10} For the foregoing reasons, defendant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 Klatt, P.J., and French, J., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.PRIVATE