**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Denny CHIU, Defendant–Appellant.**

**No. 96–50066.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1997.

Decided March 25, 1997.

Donald C. Randolph, Randolph & Levanas, Santa Monica, California, for the defendant-appellant.

Lawrence H. Cho, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM, District Judge.*

BEEZER, Circuit Judge.

Defendant Denny Chiu appeals his jury conviction and sentence for conspiracy to distribute heroin and distribution of heroin. 21 U.S.C. §§ 841, 846. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

I

On November 30, 1994, Denny Chiu was indicted, pursuant to 21 U.S.C. §§ 841(a)(1) and 846, for one count of conspiracy to distribute heroin and two counts of distribution of heroin. Chiu entered a plea of not guilty.

Before trial, Chiu signed a proffer agreement with the government. Pursuant to the agreement, Chiu and his attorney engaged in a proffer session on July 25, 1995 for the purposes of reaching an agreement regarding a reduction of sentence for substantial assistance under Sentencing Guidelines § 5K1.1. An agreement was not reached and Chiu went to trial. The government

used statements made by Chiu in the course of the proffer session to prepare several of its witnesses for trial.

A jury convicted Chiu of one count of conspiracy to distribute heroin and one count of distribution of heroin, and the district court sentenced him to 188 months of incarceration. Chiu filed a timely appeal to this court. This opinion resolves Chiu's contention that the government violated the terms of the proffer agreement. We consider Chiu's other contentions in an unpublished memorandum disposition.

II

▮  Chiu asserts that the district court should have dismissed the indictment because the government violated the terms of the proffer agreement by using statements made by Chiu during the proffer session to prepare government witnesses for trial. Chiu says that the proffer agreement required the government to abstain from use of any information gained during the proffer session in its "case-in-chief" and that the use of his statements from the proffer session to prepare government witnesses for trial constitutes use of his statements in the government's case-in-chief.

▮  Because proffer agreements are analogous to plea agreements and informal immunity agreements, which are resolved by application of contract principles, we will likewise apply contract principles to the interpretation of a proffer agreement. *See United States v. Anderson*, 970 F.2d 602, 606 (9th Cir.1992), as amended, 990 F.2d 1163 (1993) (plea agreement); *United States v. Plummer*, 941 F.2d 799, 803 (9th Cir.1991) (informal immunity agreement); *United States v. Liranzo*, 944 F.2d 73, 77 (2d Cir. 1991). We review the district court's factual determinations for clear error, but whether the facts constitute a violation of the contract is a question of law we review de novo. *Plummer*, 941 F.2d at 803.

---

* The Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation.

Chiu argues that the indictment should be dismissed because the government breached the terms of the proffer agreement. We have not addressed the appropriate remedy for the government's breach of a proffer agreement. Dismissal of the indictment is the remedy for breach of a contractual immunity agreement. *Id.* at 803. A district court has broad discretion in fashioning a remedy for the government's breach of a plea agreement. *United States v. Anderson,* 970 F.2d at 608. It is not necessary, however, to resolve the remedy question because the government did not breach the terms of the proffer agreement with Chiu.

The proffer agreement provided limited immunity:

> (2) Except as otherwise provided ... the government will not offer in evidence in its case-in-chief or at the time of his sentencing, any statements made by your client at the meeting;

The government retained the right, however, to use information gained from the proffer session in a variety of other circumstances:

> (3) Notwithstanding paragraph two above, the government may use (a) information derived directly or indirectly from the meeting for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any prosecution of your client by the government, and (b) statements made by you or your client at the meeting and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should your client testify, or to rebut any evidence, argument or representation offered by or on behalf of your client in connection with the trial or at any sentencing proceeding, or in any other prosecution of your client;

The terms of the proffer agreement make clear that the government could use the information gained during the proffer session in almost any way except by offering Chiu's statements as evidence in the government's case-in-chief. The use of Chiu's statements to prepare witnesses is analogous to rebutting defendant's evidence or pursuing leads to other evidence.

In the context of immunity agreements, we have previously held "that use immunity presumptively includes derivative use immunity, unless the government can demonstrate in a given case that ... it expressly clarified that only direct use immunity was offered." *Plummer,* 941 F.2d at 805. This is such a case in which the government clearly granted only direct use immunity. The government clarified that it would not "offer in evidence in its case-in-chief ... any statements made by the defendant." The proffer agreement also expressly stated that the government could use the information in other circumstances. The use of Chiu's statements to prepare witnesses comports with the terms of the agreement. This interpretation of the proffer agreement is consistent with the broad reading of such agreements endorsed by the Second Circuit. *Liranzo,* 944 F.2d at 77. The government did not offer at trial any statements made by Chiu during his proffer session and thus did not breach the proffer agreement. The district court properly denied Chiu's motion to dismiss for breach of the proffer agreement. Based upon this opinion and the accompanying unpublished memorandum disposition, Chiu's conviction and sentence are

AFFIRMED.