OPINION
{¶ 1} Defendant-appellant, Mark L. Smoot, appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court sentenced appellant on his forgery and engaging in a pattern of corrupt activity convictions.
 {¶ 2} On December 30, 2004, appellant pled guilty to forgery, in violation of R.C. 2913.31, a fourth-degree felony, and engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a second-degree felony. At the sentencing hearing, appellant and plaintiff-appellee, the State of Ohio, jointly recommended, in pertinent part, that the trial court impose consecutive sentences of two years on the corrupt activity count and 14 months on the forgery count. The trial court accepted the joint recommendation and imposed the sentence. Next, the trial court mentioned statutory factors and reasons to support the sentence. Although the trial court did not impose court costs at the sentencing hearing, it did order court costs when it issued its judgment entry journalizing the sentence.
 {¶ 3} Appellant appeals, raising two assignments of error in his merit brief:
FIRST ASSIGNMENT OF ERROR
The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4).
SECOND ASSIGNMENT OF ERROR
The trial court erred in imposing a term greater than the minimum sentence for a person with no prior history of imprisonment based on facts not found by a jury or admitted by Appellant. This omission violated Appellant's rights to a trial by jury and due process under the state and federal Constitutions.
 {¶ 4} Appellant raises the following supplemental assignment of error in a supplemental brief:
The trial court erred in ordering Appellant to pay court costs through the Judgment Entry when the penalty was not pronounced in Appellant's presence in court.
 {¶ 5} In his first assignment of error, appellant claims that the trial court failed to make the requisite findings and reasons under R.C.2929.14(E)(4) and 2929.19(B)(2)(c) when imposing consecutive sentences. Thus, according to appellant, we must reverse his sentences because the trial court erred when it imposed consecutive prison terms. We disagree.
 {¶ 6} The trial court imposed a jointly recommended sentence. Under R.C. 2953.08(D):
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *
 {¶ 7} Under R.C. 2953.08(D), a sentence is "authorized by law" if it falls within the statutory range of available sentences. State v.Atchley, Franklin App. No. 04AP-841, 2005-Ohio-1124, at ¶ 8, citingState v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340; State v.Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶ 10. Here, the range for appellant's second-degree corrupt activity conviction is two to eight years imprisonment. R.C. 2929.14(A). Thus, the two-year sentence that the trial court imposed on the second-degree felony falls within the statutory range of available prison terms and is "authorized by law[.]" The range for appellant's fourth-degree forgery conviction is six to 18 months. R.C. 2929.14(A). Thus, the 14-month sentence that the trial court imposed on the fourth-degree felony falls within the statutory range of available prison terms and is "authorized by law[.]"
 {¶ 8} Because the above sentences are "authorized by law," and because the trial court imposed the sentences on appellant and appellee's joint recommendation, R.C. 2953.08(D) precludes our reviewing appellant's claim that the trial court failed to make the statutory findings and explanations when imposing consecutive sentences. See State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 26; State v.Dingess, Franklin App. No. 02AP-150, 2002-Ohio-6450, at ¶ 48. Thus, we overrule appellant's first assignment of error.
 {¶ 9} In his second assignment of error, appellant contends that the trial court erred by imposing a sentence without the jury finding, or appellant admitting to, the requisite factors in Ohio's felony sentencing statute. In support, appellant relies on Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531; and Apprendi v. New Jersey (2000),530 U.S. 466. In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution and Fourteenth
Amendment due process guarantees. Apprendi at 476-478, 497. In Blakely,
the United States Supreme Court defined "`statutory maximum' forApprendi purposes" as "the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant." (Emphasis sic.) Blakely at 2537.
 {¶ 10} However, irrespective of R.C. 2953.08(D), appellant waived arguments under Apprendi and Blakely through the jointly recommended sentencing agreement. State v. Tillman, Huron App. No. H-04-040, 2005-Ohio-2347, at ¶ 5, citing Blakely at 2541. Accordingly, we overrule appellant's second assignment of error.
 {¶ 11} In his supplemental assignment of error, appellant asserts that the trial court erred in ordering court costs in the judgment entry because the trial court did not order court costs in appellant's presence. Appellee concedes error, and we agree.
 {¶ 12} Pursuant to Crim.R. 43(A), "[t]he defendant shall be present at * * * the imposition of sentence[.]" Likewise, trial courts impose costs as part of a sentence. R.C. 2947.23(A)(1). Thus, in State v. Murphy
(Aug. 11, 1998), Franklin App. No. 97APA10-1357, we reversed a trial court's decision to impose court costs outside of a defendant's presence. We remanded the matter to the trial court to allow it to impose, "if it deem[ed] appropriate," such costs in accordance with Crim.R. 43(A). Murphy.
 {¶ 13} Accordingly, here, Crim.R. 43(A) required the trial court to impose court costs in appellant's presence. However, the trial court did not mention in appellant's presence that it was imposing court costs. Therefore, the trial court erred by subsequently imposing court costs in the judgment entry without having imposed such costs in appellant's presence. See Murphy. As such, we sustain appellant's supplemental assignment of error.
 {¶ 14} In summary, we overrule appellant's first and second assignments of error, but sustain appellant's supplemental assignment of error. The judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part as to the court costs imposed outside of appellant's presence, and this matter is remanded to the trial court for proceedings on court costs consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
McGrath and Travis, JJ., concur.