JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant John Eskridge appeals from the order of the trial court that imposed court costs following his guilty pleas to attempted murder, rape and aggravated burglary. Because the order for costs was imposed outside of defendant's presence, we reverse it and remand for further proceedings consistent with this opinion.
 {¶ 2} Defendant was indicted for attempted rape, and multiple counts of rape, kidnapping, aggravated burglary, and felonious assault. He later pled guilty to attempted murder, one count of rape, and one count of aggravated burglary. He also stipulated that he is a sexual predator and was sentenced to an agreed term of eleven years. Following the sentencing hearing, the trial court issued an order requiring defendant to pay court costs totaling $1,145. Defendant moved for waiver of the costs and averred that he is indigent. In a second motion, defendant sought a nunc pro tunc entry vacating the imposition of costs. The trial court denied both motions and defendant now appeals.
 {¶ 3} For his sole assignment of error, defendant asserts that the costs were imposed in his absence, in violation of Crim.R. 43, and that he was therefore denied an opportunity to assert that he is indigent.
 {¶ 4} Pursuant to R.C. 2947.23(A)(1), a trial court must include "in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Id. *Page 4 
 {¶ 5} Crim.R. 43(A) provides that, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *."
 {¶ 6} In State v. Clark, Ashtabula App. No. 2006-A-0004,2007-Ohio-1780, the trial court applied the foregoing provisions and remanded for the limited purpose of resentencing consistent with Crim.R. 43(A), where costs were ordered in defendant's absence. Id., citingState v. Peacock, Lake App. No. 2002-L-115, 2003-Ohio-6772. AccordState v. Smoot, Franklin App. No. 05AP-104, 2005-Ohio-5326; State v.Tripplett, Cuyahoga App. No. 87788, 2007-Ohio-75 (state conceded error and court remanded the matter for the limited purpose of re-sentencing). In this matter, the state concedes that error occurred in connection with the imposition of costs. We therefore remand for further proceedings consistent with this opinion.
 {¶ 7} It is, therefore, considered that said appellant recover of said appellee his costs herein.
 {¶ 8} It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
 JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR. *Page 1