OPINION *Page 2 
{¶ 1} Defendant-appellant, Richard E. Joseph (hereinafter "Joseph"), appeals the Allen County Court of Common Pleas judgment of sentence imposed as a result of resentencing mandated by the Federal Sixth Circuit Court of Appeals. For reasons that follow, we affirm.
 {¶ 2} In 1990, Joseph and co-defendant Jose Bulerin were jointly indicted for the aggravated murder of Ryan Young. The indictment also provided for a death penalty specification pursuant to R.C.2929.04(A)(7). In January 1991, a jury trial was held wherein Joseph was found guilty and sentenced to death.
 {¶ 3} On December 23, 1993, this Court affirmed Joseph's conviction and sentence of death. State v. Joseph, 3d Dist. No. 1-91-11. On August 30, 1995, the Ohio Supreme Court affirmed our decision. State v.Joseph (1995), 73 Ohio St.3d 450, 653 N.E.2d. 285. On March 18, 1996, the U.S. Supreme Court denied Joseph's petition for writ of certiorari.Joseph v. Ohio, 516 U.S. 1178, 116 S.Ct. 1277, 134 L.Ed.2d 222.
 {¶ 4} Thereafter, Joseph filed a writ of habeas corpus in federal district court. Joseph v. Coyle (N.D. Ohio Dec. 22, 2004), No. 1:98 CV 527 (Memorandum of Opinion and Order). The federal court ordered Joseph's death sentence be set aside and that he be resentenced to life imprisonment with parole eligibility after twenty years as mandated by R.C. 2929.03(A). *Page 3 
 {¶ 5} Joseph then appealed the district court's judgment with respect to his conviction. The State cross-appealed the federal district court's grant of writ of habeas corpus as to the imposed sentence of death. On November 9, 2006, the Sixth Circuit Court of Appeals affirmed the district court's issuance of the writ with respect to the death penalty but denied Joseph's remaining claims. Joseph v. Coyle
(6th Cir. 2006), 469 F.3d 441. On March 19, 2007, the U.S. Supreme Court declined to review the Sixth Circuit's determination.Houk v. Joseph (2007), 127 S.Ct. 1827, 167 L.Ed.2d 321.
 {¶ 6} On April 20th and May 31st of 2007, the Allen County Court of Common Pleas held pretrial conferences with the parties. On June 6, 2007, the trial court held a sentencing hearing wherein it sentenced Joseph to life imprisonment with elgibility for parole in twenty years per the federal court's order. On June 14, 2007, the trial court filed its judgment entry of sentence.
 {¶ 7} Joseph appeals the trial court's sentence and asserts four assignments of error for review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED WHEN IT INCLUDED A PUNISHMENT IN THE WRITTEN SENTENCING JUDGMENT, THAT IT HAD NOT IMPOSE [SIC] FROM THE BENCH. [SENT. TR. 22, JUDGMENT. ENTRY, P.2]
 {¶ 8} In his first assignment of error, Joseph argues that the trial court erred by imposing costs in its written judgment entry when it did not impose costs *Page 4 
on the record at the sentencing hearing. The State of Ohio conceded in its brief and at oral argument that the judgment entry was in error for the reason cited by Joseph. We disagree.
 {¶ 9} This Court has previously held that a trial court is not required to orally address a defendant at the sentencing hearing to inform him that he is required by R.C. 2947.23 to pay for the costs of prosecution. State v. Ward, 3d Dist. No. 8-04-27, 2004-Ohio-6959, ¶ 16. At least one other appellate district has reached the same conclusion.State v. Powell, 2d Dist. No. 20857, 2006-Ohio-263, ¶ 11.
 {¶ 10} In addition, the cases Joseph cites rely upon Crim.R. 43(A).State v. Smoot, 10th Dist. No. 05AP-104, 2005-Ohio-5326, ¶ 12; State v.Peacock, 11th Dist. No. 2002-L-115, 2003-Ohio-6772, ¶ 45; State v.Triplett, 8th Dist. No. 87788, 2007-Ohio-75, ¶¶ 28-29; State v.Clark, 11th Dist. No. 2006-A-0004, 2007-Ohio-1780, ¶¶ 35-36.[1] We have rejected this argument before as well and decline to overrule our precedent. State v. Clifford, 3d Dist. No. 11-04-06, 2005-Ohio-958, ¶ 18, overruled on other grounds by In re Ohio Criminal SentencingStatute Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174.[2] *Page 5 
 {¶ 11} Joseph's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED WHEN IT INCORPORATED THE JANUARY 2, 1991 PROFFER STATEMENT INTO THE PRE-SENTENCE INVESTIGATION. [SENT. TR. 4].
 {¶ 12} In his second assignment of error, Joseph argues that the trial court erred when it incorporated a portion of the proffer statement into the pre-sentence investigation. Specifically, Joseph argues that the statement was made only for purposes of a plea agreement in accordance with Evid.R. 410(A) and could not be used for the pre-sentence investigation. This argument lacks merit.
 {¶ 13} The proffer statement provides the following pertinent language:
 * * * the Statements are being given in furtherance of `plea' negotiations pursuant to the rules of evidence and relevant case law, which indicates that since they are for purposes of `plea' discussions and `plea' negotiations, that they are not admissible at trial, unless one or both of the co-defendant's would take the stand in their own defense and testify differently from the facts that are about to be related. * * * these statements are being made too [sic], the Prosecuting Attorney, in contemplation with the relevant rule of evidence.
 * * *
 This has been [sic] discussion that Counsel and the clients here, as well as Mr. Berry of the Prosecutor's Office, for the purpose of furthering `plea' negotiations in this case. Everybody understands that's the purpose of this Interview and is not to be used for any other purpose. And we do have some representatives of the Law Enforcement Agencies here. We're at a sensitive stage right now of this and so I ask you `not to disclose to anyone the contents other than in the course of your official duties.' We don't want this to become public knowledge at this point. *Page 6 
(Emphasis added). (Jan. 2, 19991 Proffer Statement at 1, 24).
 {¶ 14} Proffer agreements are similar to other plea agreements and are governed by principles of contract law. State v. Lynch, 10th Dist. No. 06AP-128, 2007-Ohio-294, ¶ 11, citing United States v. Chiu (C.A.9, 1997), 109 F.3d 624; State v. Bethel, 110 Ohio St.3d 416,2006-Ohio-4853, 854 N.E.2d 150, ¶ 50. Contracts are interpreted to carry out the intent of the parties as evidenced by the contract's language.Saunders v. Mortensen, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9. Contracts should be interpreted as a whole, giving effect to each provision when reasonable. Id. at ¶ 16. Furthermore, courts should read provisions of a contract in harmony with one another so that each provision is given effect. Christe v. GMS Mgt. Co. (1997),124 Ohio App.3d 84, 88, 705 N.E.2d 691.
 {¶ 15} In this case, the term "any other purpose" appearing in the proffer statement should be interpreted in the context of the parties' prior discussions relating to the "rules of evidence" and the statement's admissibility "at trial". (Proffer Statement at 1, 24);Mortensen, 2004-Ohio-24, at ¶ 16; Christe, 124 Ohio App.3d at 88. The parties' reference to "rules of evidence" and admissibility at trial indicates their intent to prevent the proffer statement from being used against Joseph as an admission of guilt during the trial. Here, the statement was not used at trial against Joseph; but rather, was incorporated into the pre-sentence *Page 7 
investigation to aid the court in rendering its sentence. We, therefore, find Joseph's argument lacks merit.
 {¶ 16} Joseph further contends that the proffer statement language incorporated Evid.R. 410. As such, Joseph argues that the agreement prevented the proffer statement from being used for sentencing because sentencing is a criminal proceeding under Evid.R. 410. We disagree.
 {¶ 17} Evid.R. 101(C)(3) provides that the rules of evidence do not apply at sentencing. Therefore, even if the parties incorporated Evid.R. 410 into the agreement as Joseph argues, the trial court was not bound by Evid.R. 410 at sentencing and was within its discretion to consider the proffer statement.
 {¶ 18} Joseph's second assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. Ill TRIAL COURT ERRED WHEN IT PERMITTED THE VICTIMS TO MAKE ORAL SENTENCING STATEMENTS. [SENT. TR. 10].
 {¶ 19} In his third assignment of error, Joseph argues that the trial court erred by allowing victim impact statements at the time of sentencing because R.C. 2930.14, the statute which provides victims with the right to speak at sentencing, was not in effect at the time the crime occurred. The State argues that the assignment of error is without merit or harmless error at most. We agree.
 {¶ 20} The current version of R.C. 2930.14(A) provides, in pertinent part: *Page 8 
 Before imposing sentence upon, or entering an order of disposition for, a defendant or alleged juvenile offender for the commission of a crime or specified delinquent act, the court shall permit the victim of the crime or specified delinquent act to make a statement.
(Emphasis added). As Joseph argues, the original version of R.C. 2930.14
became effective on October 12, 1994 following the passage of Senate Bill 186, which was after the offense in this case occurred. 1994 Ohio Laws 172. Accordingly, Joseph argues that prior to October 12, 1994 trial courts could not allow victim statements. We disagree.
 {¶ 21} Joseph cites State v. Hedrick for the proposition that "Ohio did not statutorily permit a victim impact statement to be presented orally in court during sentencing prior to 1994." (Feb. 9, 1999), 9th Dist. No. 18955 at *1. Although Joseph is correct that prior to 1994 Ohio did not statutorily mandate that trial courts allow oral victim impact statements at sentencing, the revised code did mandate that trial courts consider written victim impact statements at sentencing. See e.g.State v. Bell (May 3, 1991), 3d Dist. No. 9-90-79, at *9, citing R.C. 2947.05.1. Since the court would have had these statements before it in written form, we fail to see the prejudice that resulted by the victim's oral statement, and the Court's opinion in Hedrick does not persuade us otherwise for several reasons.
 {¶ 22} First, the proposition cited by Joseph from Hedrick is interesting but, nonetheless, dicta. Second, as the Court inHedrick recognized, the U.S. Supreme *Page 9 
Court's decision in Booth v. Maryland (1987), 482 U.S. 496, 509,107 S.Ct. 2529, 96 L.Ed.2d 440 that victim impact statements violated the Eighth Amendment was only applicable to the sentencing phase ofcapital cases. Id. at *1. At the time of Joseph's resentencing, capital punishment was not an option per the federal court's writ. Consequently, we do not see any constitutional implications arising fromBooth. Third, Booth, supra, has now been overruled by Payne v.Tennessee (1991), 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720. Fourth, the Court in Hedrick did not find that the trial court erred by allowing victim impact statements during sentencing; rather, the courtassumed that it was error and found it harmless. 9th Dist. No. 18955 at *2.
 {¶ 23} Hedrick is persuasive to the extent that it found the possible error harmless. In this case, Joseph was resentenced following the federal court's grant of writ of habeas corpus as to the imposition of death. Joseph v. Coyle (N.D. Ohio Dec. 22, 2004), No. 1:98 CV 527 (Memorandum of Opinion and Order), aff d in Joseph v. Coyle
(6th Cir. 2006), 469 F.3d 441. The federal district court specifically ordered that Joseph "be re-sentenced according to the statutory guidelines for aggravated murder in the absence of a capital specification, as set forth in O.R.C. § 2929.03(A), which mandates a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment." Joseph v. Coyle (N.D. Ohio Dec. 22, 2004), No. 1:98 CV 527 (Memorandum of Opinion *Page 10 
and Order). The trial court below followed the federal court's ruling. (Jun. 14, 2007 JE at A-2). Therefore, even assuming that the admission of the victims' statements was in error, we fail to see how Joseph was harmed because the sentence imposed was mandatory under Ohio law and consistent with the federal court's ruling.
 {¶ 24} Joseph's third assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. IV TRIAL COURT ERRED WHEN IT RELEASED A PORTION OF THE PRE-SENTENCE INVESTIGATION, [SIC] TO THE GENERAL PUBLIC. [SENT. TR. 24].
 {¶ 25} In his fourth assignment of error, Joseph argues that the trial court erred when it released a portion of the pre-sentence investigation (PSI) to the public. Joseph argues that these reports are confidential. We agree that the trial court erred, but we are without an appropriate remedy and must overrule the assignment of error for mootness.
 {¶ 26} R.C. 2951.03(D)(1) provides, in pertinent part:
 The contents of a presentence investigation report * * * are confidential information and are not a public record. The court * * * may inspect, receive copies of, retain copies of, and use a presentence investigation report or a written or oral summary of a presentence investigation only for the purposes of or only as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code. *Page 11 
 {¶ 27} Interpreting this revised code section, the Court of Appeals for the Eleventh District has found only three instances when a PSI's contents can be released:
 (1) pursuant to R.C. 2951.03(B), to the defendant or his counsel prior to the imposition of his sentence; (2) pursuant to R.C. 2947.06, to the trial court when it is making its sentencing determination; and (3) pursuant to R.C. 2953.08(F), to the appellate court when it is reviewing the sentencing determination on appeal.
State ex rel. Sharpless v. Gierke (2000), 137 Ohio App.3d 821, 825,739 N.E.2d 1231. Noticeably missing from this list is a release to the public. Furthermore, Crim.R. 32.2 does not authorize the release of a PSI to the public.
 {¶ 28} We, therefore, find that Joseph's argument has merit. However, aside from our finding that the trial court was in error, any further remedies that might exist would be civil in nature and not now before us. This Court cannot provide anything further that would remedy this error; and therefore, we must overrule the assignment of error as moot.
 {¶ 29} Joseph's fourth assignment of error is, therefore, overruled.
 {¶ 30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 WILLAMOWSKI, J., concurs.
[1] Clark is currently on appeal before the Ohio Supreme Court but on a different issue. State v. Clark, 114 Ohio St.3d 1503, 2007-Ohio-4285,872 N.E.2d 947; State v. Clark, 114 Ohio St.3d 1504, 2007-Ohio-4285,872 N.E.2d 950.
[2] Our opinion in Clifford was overruled based on State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. However, we have since relied upon Clifford for propositions of law not affected byFoster. State v. Didion, 173 Ohio App.3d 130, 2007-Ohio-4494,877 N.E.2d 725.