MEMORANDUM **
Mustafa Janan (“Janan”) appeals a district court order holding him in contempt for his refusal to provide voice exemplars in accordance with a grand jury subpoena. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1826 and 28 U.S.C. § 1291. We apply contract principles to the interpretation of a proffer agreement and review de novo alleged violations of a proffer agreement. United States v. Chiu, 109 F.3d 624, 625 (9th Cir.1997). We affirm.
The proffer agreement (“the Agreement”) between Janan and the U.S. Attorney is not ambiguous. The Agreement explicitly states that the government is precluded from directly offering Janan’s statements against him only in its case-in-chief. We have held that similarly worded agreements confer only direct use immunity. Id. at 626. Janan’s attempt to distinguish Chiu on the ground that Janan is a witness, rather than a defendant, is not persuasive. As in Chiu, the government here has not used Janan’s statements against him in its case-in-chief.
We reject Janan’s invitation to adopt an expansive definition of the term “case-in chief.” In Chiu, we held that a government’s use of proffer statements to prepare a witness for trial did not constitute use during the case-in-chief. Id. The term “case-in-chief’ refers only to “[t]he evidence presented at trial by a party between the time the party calls the first witness and the time the party rests” or “[t]he part of a trial in which a party presents evidence to support the claim or defense.” Black’s Law Dictionary 229 (8th ed.2004). We reject Janan’s suggestion that the term “case-in-chief’ encompasses preliminary proceedings in any action.[1] No trial has yet taken place, and therefore no case-in-chief has yet been presented. '
*553 Accordingly, the district court’s order is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the government has not violated the Agreement, we do not reach the question whether quashing the subpoena is an appropriate remedy for violation of a proffer agreement.