**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50636 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00708-SVW-1 |
| v. | |
| ANDRANIK PETROSIAN, AKA Seal A, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 12, 2011[**]
Pasadena, California

Before: FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Andranik Petrosian appeals his conviction and sentence after a jury found

him guilty of providing false statements to a government agency, in violation of 18

U.S.C. § 1001, and conspiring to defraud the United States, in violation of 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 371. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

The district court properly admitted the statements Petrosian made during a proffer session. The district court's finding that Petrosian was not completely truthful was not clearly erroneous. *See United States v. Chiu*, 109 F.3d 624, 625 (9th Cir. 1997). At the proffer meeting, Petrosian stated the advertisement for Dr. Winkler's office was legitimate and that Alex Ayriyan visited him for legitimate purposes. Dr. Winkler, however, testified to writing large checks for advertisements after being threatened by Ayriyan. She further testified that the advertisements ran for several months after her clinic's closing.

Petrosian's argument that the government acted in bad faith by providing him with an Armenian translator instead of a Russian one is unavailing. Assuming the government was required to act in good faith and provide Petrosian with a translator, Petrosian presented no evidence of bad faith. He neither asked for a different translator nor suggested that the translator provided was inadequate. In sum, the government was allowed to introduce his proffer statements under the agreement due to Petrosian's lack of candor.

Petrosian next argues that the district court erred by not replacing the word "witnesses" with their actual names in the jury instructions. The district court did

2

not plainly err. *See United States v. Benny*, 786 F.2d 1410, 1416 (9th Cir. 1986) (review is for plain error if defendant failed to object to the instruction at trial). The precise phrasing of an instruction is within the district court's discretion and the instruction provided adequate guidance to the jury. *See United States v. Redlightning*, 624 F.3d 1090, 1122 (9th Cir. 2010); *United States v. Escobar de Bright*, 742 F.2d 1196, 1198 n.5 (9th Cir. 1984). Petrosian also was not prejudiced when the judge misread one word when giving the instruction. *See United States v. Romero-Avila*, 210 F.3d 1017, 1022 (9th Cir. 2000) (plain error review requires defendant to show prejudice). The jury was given a printed copy of the correct instructions.

Sufficient evidence supports the jury's verdict. Petrosian's own proffer statements provided ample details about his scheme to convert checks into cash to assist his clients in defrauding the government of tax revenues. The government also presented several of Petrosian's clients who testified about the details of the scheme. Petrosian's argument that these witnesses were unreliable fails, as we may not weigh the credibility of witnesses. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). The jury's failure to convict him of a separate count of obstructing an investigation does not call into doubt his conviction on the conspiracy count. *United States v. Choy*, 309 F.3d 602 (9th Cir.

3

2002), is inapplicable because there was no legal error regarding the obstruction count, nor was obstruction the substantive offense underlying the conspiracy conviction.

There also was sufficient evidence to convict Petrosian of making a false statement. He told a special agent in his May 10, 2006 interview that he had never negotiated checks for cash. The trial evidence, including the testimony of his clients and his own proffer statements, indicated otherwise.

We do not reach Petrosian's ineffective assistance of counsel claim on direct appeal because it requires development of facts outside the record. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). The record does not indicate why trial counsel decided to forego the filing of a motion for a mistrial.

Petrosian challenges his sentence both for procedural error and substantive unreasonableness.

First, the district court did not clearly err in finding that Petrosian played an aggravating role in the scheme. *See* U.S. Sentencing Guidelines Manual § 3B1.1(a); *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008). Petrosian directed the medical businesses to write out checks to his various entities, negotiated the checks for cash, maintained several shell advertising businesses, laundered large amounts of cash from Armenia, and falsified invoices. The scope

4

of the illegal activity was wide, spanning the globe and involving millions of dollars. His participation was central. *See* U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n.4; *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007). The district court also did not clearly err in finding Petrosian used sophisticated means in aiding tax fraud. *See* U.S. Sentencing Guidelines Manual § 2T1.4(b)(2). Petrosian's scheme was "sufficiently more complex than routine tax evasion." *United States v. Aragbaye*, 234 F.3d 1101, 1108 (9th Cir. 2000) (quotation marks omitted). He used fictitious entities and offshore financial accounts that allowed his clients to hide assets. *See* U.S. Sentencing Guidelines Manual § 2T1.4(b)(2) cmt. n.3.

Next, Petrosian challenges the restitution award. This argument was not "coherently developed in the briefs" and is deemed abandoned. *See United States v. Velasquez-Bosque*, 601 F.3d 955, 963 n.4 (9th Cir. 2010).

Lastly, Petrosian's below-Guidelines sentence was not substantively unreasonable. Petrosian argues the district court should have given a particular mitigating factor more weight, but this is an attempt to reargue his leniency plea from district court. *See United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010). Given the nature and scope of the scheme, that Petrosian was at the center

5

of it, and the resulting large amounts of loss to the IRS, Petrosian's sentence, significantly below the Guidelines range, was reasonable.

AFFIRMED.