**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KENNETH MOORE,<br><br>Defendant - Appellant. | No. 13-10168<br><br>D.C. No. 4:08-cr-00351-SBA-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted January 15, 2014**
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,*** Senior District Judge.

Defendant Kenneth Moore appeals the district court's denial of his request,

pursuant to 18 U.S.C. § 3582, for a sentencing reduction in connection with his

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2008 conviction on one count of distributing crack cocaine in violation of 21 U.S.C. § 841. For the reasons that follow, we affirm.

1. Reviewing de novo,[1] United States v. Gonzalez-Aguilar, 718 F.3d 1185, 1187 (9th Cir. 2013), we reject Defendant's argument that the government breached the plea agreement. The government agreed to recommend—and did recommend—a sentence of "imprisonment at the low-end of offense level 21" at the original sentencing hearing. Nowhere in the plea agreement did the government promise to make recommendations concerning potential future sentencing reductions pursuant to § 3582, and nowhere in the plea agreement did the government promise to make recommendations concerning a sentence calculated with a (revised) offense level of 19.

2. For similar reasons, the district court did not err as a matter of law by declining, at resentencing, to impose a sentence at the low end of the revised Guidelines range.

---

[1] We need not and do not decide whether Defendant waived this argument by failing to raise it below because, for the reasons stated in text, there was no error.

3.  Reviewing for plain error,[2] <u>United States v. Gallegos-Galindo</u>, 704 F.3d 1269, 1272 (9th Cir. 2013), the district court did not commit reversible error by considering Defendant's pre-sentencing conduct.  The application notes to the Guidelines require that, "[c]onsistent with 18 U.S.C. § 3582(c)(2), the court <u>shall consider the factors set forth in 18 U.S.C. § 3553(a)</u> in determining . . . whether a reduction in the defendant's term of imprisonment is warranted."  U.S.S.G. § 1B1.10 cmt. n.1(B)(i) (emphasis added).  Section 3582(c)(2) provides that, in circumstances such as these, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) <u>to the extent that they are applicable</u>, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  (Emphasis added.)  We reject Defendant's argument that the emphasized text plainly directed the district court not to consider pre-sentencing conduct.  The § 3553(a) factors may or may not be relevant for a wide range of reasons; nothing in the text makes it "obvious" that consideration of pre-sentencing conduct is categorically barred.  <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993).

---

[2] We need not and do not decide whether Defendant affirmatively abandoned the argument because, for the reasons stated, there was no reversible error.

4. Finally, we reject the government's argument, raised for the first time on appeal, that the district court was required to dismiss Defendant's request, rather than denying it. The court had jurisdiction to consider a sentencing reduction, because § 3582(c) permits a sentencing reduction on the court's "own motion." The government affirmatively requested that the district court deny the motion. The government now belatedly argues that, because of Defendant's alleged breach of the plea agreement, "the district court should have ordered specific performance of the contract by dismissing Moore's Section 3582(c)(2) motion." Even assuming that Defendant breached the plea agreement, which we need not and do not decide, the "district court has broad discretion in fashioning a remedy" for such a breach. United States v. Chiu, 109 F.3d 624, 626 (9th Cir. 1997). We find no abuse of discretion in the district court's denial of the request for a sentencing reduction.

**AFFIRMED.**