**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRANIK PETROSIAN, | No. 14-55186 |
| Petitioner-Appellant, | D.C. Nos. 2:12-cv-06661-SVW |
| v. | 2:07-cr-00708-SVW-1 |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 30, 2016
Pasadena, California

Before: SILVERMAN, FISHER and WATFORD, Circuit Judges.

Adranik Petrosian appeals the district court's denial of his 28 U.S.C. § 2255

habeas petition based on ineffective assistance of counsel. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

1. Petrosian's trial counsel did not perform deficiently. *See Strickland v.

Washington*, 466 U.S. 668, 687 (1984) (an ineffective assistance of counsel claim

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

requires both deficient performance and prejudice). After the district court questioned its decision to admit Petrosian's incriminating proffer statements during the government's case-in-chief, counsel made an objectively reasonable strategic decision – in consultation with his client – not to seek a mistrial. *See id.* at 689. Under the plain language of the proffer agreement, Petrosian's statements would also have been admissible at a new trial, s*ee United States v. Petrosian*, 446 F. App'x 826, 828 (9th Cir. 2011) ("[T]he government was allowed to introduce his proffer statements under the agreement due to Petrosian's lack of candor."), and the district court did not rule otherwise. No Ninth Circuit or Supreme Court precedent, moreover, actually prohibited introduction of the statements during the government's case-in-chief. *See United States v. Mezzanatto*, 513 U.S. 196, 211 (1995) (Ginsburg, J., concurring); *United States v. Rebbe*, 313 F.3d 402, 406 n.1 (9th Cir. 2002). Additionally, the circuits that had considered the issue had approved case-in-chief waiver provisions. *See United States v. Burch*, 156 F.3d 1315, 1321-22 (D.C. Cir. 1998); *United States v. Young*, 223 F.3d 905, 910-11 (8th

Cir. 2000).[1]  Accordingly, objectively reasonable counsel could have concluded Petrosian's statements would likely be admitted at a new trial and, therefore, that a new trial would not benefit Petrosian.[2]

2.  Because counsel's performance was not deficient, we do not reach the question of prejudice.  *See Strickland*, 466 U.S. at 687.

**AFFIRMED.**

---

[1] The circuits that subsequently have considered the issue have also approved case-in-chief admission of proffer statements.  *See United States v. Mitchell*, 633 F.3d 997, 1004 (10th Cir. 2011); *United States v. Sylvester*, 583 F.3d 285, 288-94 (5th Cir. 2009); *United States v. Hardwick*, 544 F.3d 565, 569-71 (3d Cir. 2008).

[2] Although we conclude counsel's decision not to seek a mistrial accords with an objectively reasonable understanding of the law at the time of Petrosian's trial, we do not reach the question, left unanswered in *Rebbe*, of the enforceability of waiver provisions that permit the government to introduce proffer statements during its case-in-chief.